**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SIERRA PACHECO,

    Plaintiff,

vs.                                                                     Civ. No. 19-964 JAP/JFR

KEURIG GREEN MOUNTAIN, INC.,

    Defendant(s).

## MEMORANDUM ORDER AND OPINION

On August 13, 2019, Plaintiff Sierra Pacheco sued Defendant Keurig Green Mountain, Inc. in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico. *See* COMPLAINT FOR NEGLIGENCE, PRODUCTS LIABILITY, PERSONAL INJURIES, AND PUNITIVE DAMAGES, ("Complaint") (Doc. No. 1-5), NOTICE OF REMOVAL (Doc. No. 1) at 18. Plaintiff claims that her coffee maker, produced and sold by Defendant, unexpectedly "exploded" during a morning brew. *See* Compl. at ¶ 8. Plaintiff allegedly suffered significant burns from the incident which required medical treatment. *Id*. at ¶ 9. Plaintiff originally sought:

> damages for injuries and damages caused by Keurig's negligence and defective product in a sum to be identified and fixed by the trier of fact as to be fair and just but not more than $75,000; for court costs; for pre and post judgment interest; punitive damages; and, all other appropriate relief.

*Id*. at ¶ 31.

On October 14, 2019, Defendant filed a Notice of Removal. In the Notice of Removal, Defendant argued that federal jurisdiction existed because the parties were diverse[1] and, as a result of a May 1, 2019 pre-litigation demand letter from Plaintiff claiming a jury "could value these

---

[1] Plaintiff is a citizen of New Mexico; Defendant is a citizen of Delaware, its place of incorporation, and Vermont, its principal place of business. *See* Notice of Removal at 2. Neither party contests diversity of citizenship.

damages in the $250,000 range", the amount in controversy exceeded $75,000. *See* Notice of Removal at 2.

In response, Plaintiff asserted that she did not seek more than $75,000 total in damages and submitted a sworn affidavit to that effect. *See* PLAINTIFF'S MOTION TO REMAND (Doc. No. 7) at 1. Plaintiff also requested attorney's fees for the cost of contesting removal under 28 U.S.C. § 1447(c). *Id.* at 7. Defendant supported Plaintiff's Motion to Remand but opposed the attorney's fees demand. *See* KEURIG GREEN MOUNTAIN, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND (Doc. No. 10) at 1. Considering that neither party contests the deficient amount in controversy, the Court will grant Plaintiff's Motion to Remand. The only remaining issue is Plaintiff's request for attorney's fees, which the Court will decline to award.

**Analysis**

Federal diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Defendant removed this case from state court on that basis. Both parties now concede that the amount in controversy is deficient, and thus this Court lacks jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court's discretion in awarding fees "should turn on the reasonableness of the removal." *Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."

*Franklin Capital Corp.*, 546 U.S. at 141. Plaintiff's request for attorney's fees turns on whether Defendant's belief that diversity jurisdiction initially existed was objectively reasonable.

In *Franklin Capital Corp.*, the Supreme Court did not provide a precise definition of "reasonable" in the removal context, but the facts of the case illustrate when a basis for removal may be reasonable. The plaintiffs sought damages in a class-action insurance case. *Franklin Capital Corp.*, 546 U.S. at 134. While the amount in controversy could not be easily determined from the face of the complaint, at the district court, the removing defendant relied on precedent suggesting that defendants could aggregate punitive damages to reach the amount in controversy threshold. *Id*. The district court denied the motion to remand, and the plaintiffs appealed. *Id*. at 134–35. On appeal, the Tenth Circuit rejected the defendant's aggregation argument, "in part on the basis of decisions issued after the District Court's remand decision." *Id*. at 135. Because the defendant's removal "relied on case law only subsequently held to be unsound[,]" the Supreme Court concluded that the defendant's basis for removal "was objectively reasonable." *Id*.[2]

Here, similar facts are at play. Plaintiff sued Defendant in state court demanding no more than $75,000 in compensatory damages and an unspecified amount of punitive damages. *See* Compl. at ¶ 31. Plaintiff later clarified, after removal, that she would not be seeking anything more than $75,000 in total. *See* Plaintiff's Motion to Remand at 1. While generally "the amount claimed by the plaintiff controls if the claim is apparently made in good faith[,] [i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000) (citing *St. Paul Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89 (1938)). The party asserting jurisdiction must

---

[2] Conversely, a defendant has no reasonable basis for removal where there is no legally defensible support for the defendant's argument. *See, e.g.*, *Porter*, 607 F.3d at 1255 (holding no reasonable basis where no interpretation of law supported a claim that a certain administrative board was a "state court" for purposes of removal).

demonstrate that it is not legally certain that the amount sought is less than the jurisdictional amount. *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003).[3] The allegations in the complaint can be sufficient to make this showing. *Reliance Standard*, 225 F.3d at 1183. A defendant must simply provide enough facts to "convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Id*. (quoting *State Farm Mut. Auto. Ins. Co. v. Narvaez,* 149 F.3d 1269, 1272 (10th Cir. 1998)).

If the Court only looked at compensatory damages, the Court could conclude it is legally certain that the Plaintiff would not recover more than $75,000, as requested.[4] The complaint, however, included a request for an unspecified amount of punitive damages. New Mexico law allows punitive damages for personal injury cases. *See generally Chavarria v. Fleetwood Retail Corp.*, 2006-NMSC-046, ¶ 36, 140 N.M. 478, 143 P.3d 717 (explaining the constitutional limitations on punitive damages). Punitive damages may be considered in determining the requisite jurisdictional amount. *Manganaro*, 342 F.3d at 1218. When aggregating compensatory and punitive damages, "[a] defendant must nevertheless offer more than a 'conclusory statement' that punitive damages are sought under [state] law and that such law authorizes recovery in excess of that jurisdictional amount." *Singleton v. Progressive Direct Ins. Co.*, 49 F. Supp. 3d 988, 993 (N.D. Okla. 2014). When the amount in controversy is uncertain, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Here, Defendant did not elaborate on how punitive damages could bring the total damages of the claim over the jurisdictional threshold. But the analysis is not whether the notice of removal sufficiently

---

[3] For example, if state law or a contractual provision limits the amount of recovery for a claim to less than $75,000.
[4] The Court rejects Defendant's reliance on the pre-complaint demand letter because the subsequently filed complaint explicitly limited the amount of compensatory damages sought notwithstanding a jury award.

established jurisdiction; rather, the issue is whether the Defendant's belief that removal was proper was reasonable under the facts.

Defendant's removal was objectively reasonable in light of both the demand letter and the request for punitive damages because, taken together, they created legal uncertainty in the total amount in controversy. From Defendant's perspective, a jury could potentially award the maximum $75,000 in compensatory damages (as the demand letter suggested would be likely). The jury could then additionally award *any* amount of punitive damages, causing the total amount of damages to cross the jurisdictional threshold. Like the defendant in *Franklin Capital Corp.*, Defendant experienced a change in circumstances after the complaint was filed which requires viewing reasonableness in light of what was known by Defendant at the time of removal. That change here was Plaintiff's clarification of the *total* amount sought.

A plaintiff's "failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Franklin Capital*, 546 U.S. at 141. Given the lack of clarity in the total damages initially sought, it was not unreasonable for Defendant to think that the amount in controversy could exceed $75,000 before Plaintiff's clarification. Thus, the Court will decline to award Plaintiff attorney's fees for the costs associated with removal.

IT IS ORDERED that PLAINTIFF'S MOTION TO REMAND (Doc. No. 7) is GRANTED, this case is REMANDED to the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico, and Plaintiff's request for attorney's fees and costs is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE